**SROURIAN LAW FIRM**
Daniel Srourian, Esq. [SBN 285678]
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (310) 601-3131
Fax: (310) 388-8444

**SHAKOURI LAW FIRM**
Ashkan Shakouri, Esq. [SBN 242072]
11601 Wilshire Blvd., Fifth Floor
Los Angeles, California 90025
Telephone: (310) 575-1827
Fax: (310) 575-1890

*Attorneys for Plaintiffs*
*KIRK MCLEMORE and RAFAY MAZHAR*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MCLEMORE, an individual; RAFAY MAZHAR, an individual, on behalf of themselves and other similarly situated<br><br>       Plaintiffs,<br><br>       v.<br><br>NAUTILUS HYOSUNG AMERICA, INC., a Texas corporation; and DOES 1 - 20, inclusive,<br><br>       Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1) VIOLATION OF THE FAIR LABOR STANDARDS ACT<br>2) FAILURE TO PAY OVERTIME<br>3) FAILURE TO COMPENSATE FOR ALL HOURS WORKED<br>4) FAILURE TO ALLOW REST PERIODS<br>5) FAILURE TO ALLOW MEAL PERIODS<br>6) WAITING TIME PENALTIES<br>7) FAILURE TO FURNISH ACCURATE WAGE AND HOUR STATEMENTS<br>8) UNFAIR BUSINESS PRACTICES<br>9) FAILURE TO PAY MINIMUM WAGE |

10)    PRIVATE ATTORNEY
       GENERAL ACT

DEMAND FOR JURY TRIAL

Plaintiffs Kirk McLemore and Rafay Mazhar ("Plaintiffs"), individually and on behalf of all other similarly situated employees, by and through their counsel, bring these claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 201 *et seq.* (the "FLSA"), and as a Class Action in accordance with California State wage and hour law against Defendant Nautilus Hyosung America, Inc. ("Defendant"), and allege, upon personal belief as to their acts, and as for all other matters, upon information and belief.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State Court of competent jurisdiction." Plaintiffs have signed opt-in consent forms to join this lawsuit ("Exhibit A").

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

This Court has supplemental jurisdiction over Plaintiffs' California State law claims pursuant to 28 U.S.C. Section 1367.

Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Defendant resides and does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pled in this Complaint occurred within this District.

## PARTIES

Kirk McLemore and Rafay Mazhar are residents of California and worked for Defendant as non-exempt field service engineers ("FSE") during the applicable statute of limitations period. Plaintiff McLemore worked for Defendant from January 6, 2014, until May 15, 2016, and Plaintiff Mazhar from August 9, 2013 until December 2014.

Plaintiffs bring this case on behalf of themselves and other similarly situated employees who currently work, or who have worked as FSEs, or in any other similar positions, for Defendant at any time during the applicable statutory period.

Defendant is a provider of computer products and technical support services including Automated Teller Machine products and services in the state of California and across the nation and is an "employer" within the meaning of 29 U.S.C. Section 203(d) of the FLSA and under California law.

# FACTUAL BACKGROUND

Plaintiffs and the proposed collective and class members, defined below, are individuals who have worked for Defendant as FSEs or in any other similar positions during the relevant statutory period. Plaintiffs and the proposed collective and class members all shared similar job titles, training, job descriptions, job requirements and/or compensation plans, among other things.

Defendant managed Plaintiffs' and proposed collective and class members' work, including the amount of hours worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

Plaintiffs and proposed collective and class members were classified by Defendant as non-exempt under the FLSA and California wage laws and paid an hourly rate.

Defendant was required to pay Plaintiff and proposed collective and class members an hourly rate for all time worked and overtime pay when they worked in excess of 40 hours per week or under California law 8 hours a day. Despite these requirements, Defendant failed to keep accurate records of the time actually worked by Plaintiffs and the proposed collective and class members.

Defendant violated federal and state wage laws in several common ways by failing to pay Plaintiffs and proposed collective and class members for all regular and overtime hours actually worked.

First, Defendant required Plaintiffs and the collective and proposed class members to be "on call" for a substantial portion of their workweek, and very often after full 8-hour shifts already worked by them. Defendant, however, did not pay these employees for their "on call" work even though they were "engaged to wait" and were therefore working within the meaning of U.S.C. Section 207.

During their "on call" time, Plaintiffs and the proposed collective and class members were not free to engage in personal activities. Specifically, there were strict geographical restrictions on their movements; the frequency of dispatch calls was unduly restrictive; there was a fixed time limit for response that was unduly restrictive; on-call responsibilities could not be easily traded; and the use of a pager or cell phone did not ease their restrictions.

Second, Defendant encouraged and/or permitted Plaintiffs and the proposed collective and class members to perform work before the start and after the end of their scheduled shifts, but did not record or pay them for such time worked. Among other things, Plaintiffs and the proposed collective and class members spent time off the clock checking their routes; loading and unloading their vehicles with parts and tolls; replacing those parts and tools; and filling out timesheets.

Third, Defendant automatically deducted one hour of pay per day for meal breaks regardless of whether the meal breaks were actually taken or whether

Plaintiffs and the proposed collective and class members actually worked through such breaks.

Fourth, Defendant required Plaintiffs and the proposed collective and class members to work through their rest breaks.

Defendant knew, and was aware at all times, of the above mentioned violations and the conduct alleged above reduced Defendant's labor and payroll costs.

Plaintiffs and the proposed collective and class members were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of owed regular an overtime wages. As a result of Defendant's improper and willful failure to pay Plaintiff and the proposed collective and class members in accordance with the requirements of California and federal wage and hour laws, they suffered lost wages and damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

Plaintiffs bring part of this case as a collective action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. Section 216 to recover unpaid wages, unpaid overtime compensation, liquated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

The proposed collective class of similarly situated persons is defined as:

All individuals who were employed, or are currently employed, by the Defendant, its subsidiaries or affiliated companies, as FSEs or held any other similar positions at any time during the relevant statutory periods ("Federal Class").

This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, training requirements, job duties, Defendant's failure to pay overtime hours, Defendant's policy to automatically deduct a one hour meal period each shift, Defendant's policy of not compensating for on-call time, time spent working off the clock, and the wage and hour violations alleged in this Complaint, among other things.

Defendant encouraged, suffered and permitted Plaintiffs and the Federal Class to work without compensation and more than 40 hours a week without the proper overtime compensation.

Defendant knew that Plaintiffs and the Federal Class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiffs and the Federal Class of wages and overtime compensation.

Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the Federal Class.

Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Federal Class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their rights to "opt-in" to this lawsuit pursuant to 29 U.S.C. Section 216 (b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

Plaintiffs estimate that there are at least one hundred members in the Federal Class. The precise number making up the Federal Class can easily be ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, the Federal Class may be informed of the pendency of this action directly via U.S. mail, email and by posting notice in Defendant's offices.

## CLASS ALLEGATIONS

Plaintiffs also bring California state claims for relief on their own and as a class action pursuant to 29 U.S.C. Section 23 (b). The proposed California class is defined as:

All individuals who were employed, or are currently employed, by Defendant, its subsidiaries or affiliated companies, in the state of

California as FSEs or held any other similar positions at any time during the relevant statute of limitations periods ("State Class").

This action is properly maintainable as a class action because:

a.     The State Class is so numerous that joinder of all members is impracticable;

b.     There are questions of law or fact that are common to the State Class;

c.     The claims or defenses of Plaintiffs are typical of the claims or defenses of the State Class; and

d.     Plaintiffs will fairly and adequately protect the interests of the State Class.

## **Numerosity**

On information and belief, the total number of members of the State Class is so numerous as to make impracticable to joint all members of the class as plaintiffs. The exact number of State Class members may be determined from Defendant's records.

## **Commonality**

There are numerous and substantial questions of law and fact common to members of the State Class, including, but not limited to, the following:

a.     Whether Defendant failed to keep accurate records for all hours worked by Plaintiffs and the State Class;

b. Whether Defendant failed to compensate Plaintiffs and the State Class all the work they required or permitted them to perform;

c. Whether Defendant required or permitted Plaintiffs and the State Class to work before the start of their scheduled shifts without pay;

d. Whether Defendant required or permitted Plaintiffs and the State Class to work after the end of their scheduled shifts without pay;

e. Whether Defendant was required to pay Plaintiffs and the State Class for all hours they were "on call";

f. Whether Defendant made improper deductions from Plaintiffs' and the State Class's pay for meal breaks not taken;

g. Whether Defendant required or Plaintiffs and the State Class to work during the rest breaks;

h. Whether Defendant failed to pay Plaintiffs and the State Class all compensation owed;

i. Whether Defendant failed to compensate Plaintiffs and the State Class for all overtime hours worked under California wages;

j. Whether Defendant willfully failed to comply with state wage and hour laws; and

k.    Whether Defendant willfully failed to pay Plaintiffs and the State Class who ceased working with Defendant all wages due at the time of separation.

**<u>Adequacy</u>**

Plaintiffs will fairly and adequately protect the interests of the State Class. They have retained counsel that are competent and experienced in the prosecution of complex litigation.

**<u>Typical</u>**

The claims asserted by Plaintiffs are typical of the State Class they seek to represent.  Plaintiffs have the same interests and suffered from the same injuries as the State Class.

Upon information and belief, there are no State Class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

## **Common Questions of Law and Fact Predominate and a Class Action is**

## **Superior to Joinder of Claims or Individual Lawsuits**

The numerous common questions of law and fact set forth in the commonality section above predominate over individual questions because Defendant's alleged underlying activities and impact of their policies and practices affected class members in the same manner: they were subjected to policies of suffering working without pay or improper deductions.

A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each State Class member may be relatively small, the expenses and burdens of individual litigation would make it difficult for members to bring individual claims. The presentation of separate actions by individual State Class members could also create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of members to protect their interests.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### [By Plaintiffs and the Federal Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Plaintiffs and the Federal Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. Section 216(b).

Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

Plaintiff and the Federal Class worked in excess of 40 hours per week for the Defendant, but were not properly paid overtime wages in violation of the FLSA.

Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and the Federal Class for all actual overtime worked at the legal rate of pay.

Defendant violated the FLSA by regularly and repeatedly failing to properly compensate Plaintiffs and the Federal Class for the actual time they worked each week. As alleged above, among other things, Defendant did not properly compensate Plaintiffs and the Federal Class for their "on call" time even

though they were "engaged to wait" and were therefore working within the meaning of U.S.C. Section 207. Defendant also forced them to work through their meal breaks even though Defendant deduct one hour of pay from their paychecks for such time. Plaintiffs and the Federal Class were also required to work off the clock to perform work related tasks that Defendant refused to pay them for. Such tasks included, but were not limited to, checking their routes; loading and unloading their vehicles with parts and tolls; replacing those parts and tools; and filling out timesheets.

Defendant also willfully failed to pay wages, overtime pay and other benefits to the Plaintiffs and Federal Class by failing to keep accurate time records to avoid paying them overtime wages and benefits.

The foregoing actions of Defendant violated the FLSA.

Defendant's actions were willful and not in good faith.

As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and the Federal Class have suffered and will continue to suffer a loss of income and other damages.

Defendant is liable to Plaintiffs and the Federal Class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. Section 216(b), as well as reasonable attorneys' fees, costs and expenses.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME**

**[By Plaintiffs and the State Class Against Defendant]**

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Pursuant to applicable California wage orders and Labor Code Sections 200, 226, 500, 510 and 1198 at all times relevant hereto, Defendant required to compensate Plaintiffs and the State Class for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

Pursuant to Labor Code Sections 200, 226, 500, 510, and 1198, Defendant was also required to compensate Plaintiffs and the State Class for all hours worked in excess of twelve (12) hours in any workday at double their regular rate of pay.

Plaintiffs and the State Class were non-exempt employees entitled to the protections of applicable California wage orders, and Labor Code Sections 200, 226, 500, 510, and 1198. During the course of Plaintiffs' and the State Class's employment, Defendant failed to properly compensate them for overtime hours worked as required under the aforementioned Labor Code sections.

Under the aforementioned Wage Order, statutes, and regulations, Plaintiffs and the State Class are entitled to one and one half (1 1/2) times and /or double their regular rate of pay for overtime work performed during the four (4) years preceding the filing of this Complaint based on appropriate calculations of the total remuneration for each workweek.

In violation of California law, Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the State Class for all wages earned and all hours worked.

As such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligation under state law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

Defendant's conduct described herein violates Labor Code Sections 200, 226, 500, 510 and 1198. Therefore, pursuant to Labor Code Sections 200, 203, 218.5, 226, 558, and 1194, Plaintiff and the State Class are entitled to recover the unpaid balance of overtime compensation Defendant owes them and civil penalties (including the penalties described in Labor Code Section 558 and other statutory penalties) plus interest, penalties, attorney's fees, expenses, and costs of suit.

# THIRD CAUSE OF ACTION

## [FAILURE TO COMPENSATE FOR ALL HOURS WORKED]

### [By Plaintiffs and the State Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

At all times relevant herein, Defendant was required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to Wage Order 4-2001 and Labor Code Sections 200, 226, 500, 510, 1197, and 1198

At all times relevant hereto, Defendant failed to compensate Plaintiffs and the State Class for all hours worked by not compensating them for their work.

Under the aforementioned Wage Order and regulations, Plaintiffs and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this Complaint, plus reasonable attorneys' fees and costs of suit pursuant to Labor Code Section 218.5, and penalties pursuant to Labor Code Sections 203 and 226.

In violation of California law, Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the State Class for all wages earned and all hours worked. As a direct result, they have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such

wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under California law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

Defendant's conduct described herein violates Labor Code Sections 200, 226, 500, 1197 and 1198, and Wage Order 4-2001. Therefore, pursuant to Labor Code Sections 203, 218.5, 226, 558, 1194, and 1194.2, Plaintiffs and the State Class are entitled to recover damages for the nonpayment of wages of all hours worked in addition to penalties, reasonable attorney's fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### [FAILURE TO ALLOW REST PERIODS]

### [By Plaintiffs and the State Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Defendant failed to allow Plaintiffs and the Plaintiff Class to take rest periods during every four-hour period worked. The law requires that non-exempt employees be allowed a 10-minute break during every four-hour work period. The prescribed break should be allowed, as close to the middle of the four-hour period as possible. Thus, Plaintiffs and the State Class should have been afforded

a 10-minute break at the two-hour point of their four-hour work periods. Defendant denied them such breaks.

Wages are due to employees for "all hours worked" under Wage Order 4-2001 § 4(A). "[R]est periods shall be counted as hours worked" . . . pursuant to Wage Order 4-2001 § 12(A). The Wage Order goes on to state that there shall be no deduction from wages. Thus, wages are due to the Plaintiffs and the State Class to compensate for the rest periods that were denied under applicable laws, rules, requirements, and regulations. Ten-minutes worth of prorated wages are due to Plaintiffs and the State Class, for each four-hour work period contained in each day of work each class member performed.

In addition, Plaintiffs and the State Class are entitled to recover interest on the unpaid rest period wages due to them. Further, they demand reasonable attorney's fees and costs of suit, pursuant to Labor Code Section 218.5, plus all appropriate penalties for the wage and hour violations in addition to the one hour's compensation due under Wage Order 4-2001 (B).

Plaintiffs and the State Class are not only entitled to compensation for the lost rest periods, but to the extent that Defendant claims that rest periods were taken which are not documented, they also seek all applicable penalties for Defendant's failure to keep accurate time records and to issue them accurate earnings statements.

# FIFTH CAUSE OF ACTION

## [FAILURE TO ALLOW MEAL PERIODS]

### [By Plaintiffs and the State Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

At all times herein mentioned the Plaintiffs and the State Class, were non-exempt employees and subject to the meal period provisions of California Industrial Wage Order Number 4.

Defendant failed to allow Plaintiffs and the State Class to take 30-minute meal periods for every 5 hours worked. Defendant denied them such breaks. Thus, Defendant sometimes deprived employees of both their lunch period and the 30 minutes pay for the time when the employees were working, when they should have been allowed to take their meal breaks.

Wages are due to employees for "all hours worked" under Wage Order 4-2001 § 4(A) and applicable laws, rules, orders, requirements, and regulations. Plaintiffs and the State Class demand all applicable reimbursement and penalties for their lost meal breaks, in addition to the one-hour's compensation due under the wage order. Further, Plaintiffs and State Class demands reasonable attorney's fees and costs of suit, pursuant to Labor Code Section 218.5.

## SIXTH CAUSE OF ACTION

## [WAITING TIME PENALTIES]

### [By Plaintiffs and the State Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Labor Code Sections 201 & 202 require that an employer pay all wages due to an employee after said employee is discharged or quits.

Labor Code Section 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

During all relevant times prior to the filing of the present action, numerous individuals employed by Defendant have left the company as a result of being discharged or having voluntarily terminated their employment.

While employed by Defendant, these employees were entitled, among other things, to: compensation for overtime, missed meal periods, and missed rest periods, all as set forth in this complaint.

Defendant failed to pay all wages due to Plaintiff and the State Class who left their employment at Defendant, by failing to pay for their overtime, their

missed meal breaks and rest periods. Defendant is required to reimburse their former employees all unpaid wages earned and an additional penalty equal to the daily earnings of such employees up to an amount equal to 30 days pay. Failure to do so is an unfair business practice, prohibited by Business and Professions Code Sections 17200, *et seq.*

## SEVENTH CAUSE OF ACTION

### [FAILURE TO FURNISH ACCURATE WAGE AND HOUR STATEMENTS]

### [By Plaintiffs and the State Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Labor Code Section 226(a) sets forth reporting requirements for employers when paying wages, including that every employer shall furnish each of his or her employees an itemized statement in writing showing: (1) gross wages earned, and (2) total hours worked by the employee, (3) net wages earned, (4) all applicable hourly rates in effect during the pay period, and (5) the corresponding number of hours worked at each hourly rate.

Labor Code Section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty

dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Defendant knowingly and intentionally did not provide Plaintiff and the State Class with paycheck deduction statements accurately displaying the information required by Labor Code Section 226(a).

As a direct and proximate result of Defendant's conduct as alleged above, Plaintiffs and the State Class are entitled to a civil penalty of fifty dollars ($50) for the initial pay period and one hundred dollars ($100) for each subsequent pay period in which Defendant violated the reporting requirements of Labor Code Section 226, up to a maximum of $4,000.

Additionally, under Labor Code Section 226.3, Defendant is subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

# EIGHTH CAUSE OF ACTION

## [UNFAIR BUSINESS PRACTICES]

### By Plaintiffs and the State Class Against Defendant

Plaintiff hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Defendant has engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in this Complaint by requiring their drivers and other non-exempt employees to perform the labor complained of herein without overtime compensation. Defendant's utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over their competitors.

Plaintiffs and the State Class seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendant by means of the unfair practices complained of herein. Plaintiffs and the State Class seek, on their own behalf and on behalf of the general public, the appointment of a receiver, as necessary. The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

Plaintiffs and the State Class are informed and believe and on that basis allege that at all times herein mentioned Defendant has engaged in unlawful,

deceptive and unfair business practices, as proscribed by Business and Professions Code Sections 17200 *et seq.*, including those set forth in the Complaint herein, thereby depriving Plaintiffs and the State Class, and other members of the general public the minimum working condition standards and conditions due to them under the California labor laws and the Wage Orders as specifically described herein.

Plaintiff and the State Class are further entitled to and do seek both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendant from engaging in any of such business practices in the future. Such misconduct unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that Defendant will continue to violate these California laws, represented by labor statutes and the wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiffs and Plaintiff Class have no other adequate remedy at law to insure future compliance with the California labor laws and the Wage Orders alleged to have been violated herein.

## NINTH CAUSE OF ACTION

## [FAILURE TO PAY MINIMUM WAGE]

### [By Plaintiffs and the State Class Against Defendant]

Plaintiffs hereby incorporate by reference all other allegations contained in this Complaint as though fully set forth herein.

Pursuant to Labor Code Sections 1194, 1194.2, and 1197, it is unlawful for an employer to suffer or permit a California employee to work without paying wages at the proper minimum wage for all time worked as required by the applicable Wage Order number 4.

Pursuant to Wage Order 4-2001, subdivision 2(k), at all times material hereto, "hours worked" included "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

During the liability period, Plaintiffs and the State Class were suffered, permitted, and required to perform work "off-the-clock," for which they received no pay, including staying at work after they clocked-out in order to process paperwork regarding work they had performed during their shifts.

As a direct and proximate result of Defendant's failure to pay Plaintiffs and the State Class the minimum wage, Plaintiffs and the State Class have been damaged in the amount of unpaid minimum wages. Pursuant to Labor Code

Sections 1194 and 1194.2, Plaintiffs and the State Class are entitled to recover the full amount of unpaid minimum wages, liquidated damages in an equal amount, interest and attorney's fees, all in a total amount subject to proof at time of trial.

The aforementioned acts by Defendant was intentional, with the intention on the part of the Defendant to deprive Plaintiffs and the Plaintiff Class of their property and/or legal rights and causing injury to them.

**TENTH CAUSE OF ACTION**

**[PRIVATE ATTORNEY GENERAL ACT]**

**[By Plaintiffs and the State Class Against Defendant]**

Plaintiffs hereby incorporate by reference all other allegation contained in this Complaint as though fully set forth herein.

Plaintiffs and the State Class are aggrieved employees as defined in Labor Code Section 2699(a). Plaintiffs and the State Class bring this cause on behalf of themselves as affected by the labor law violations alleged in this Complaint.

Defendant committed the following violations of the California Labor Code against Plaintiff and the State Class, and, on information and belief, against other current or former employees while they were employed by Defendant:

a.   Violated Labor Code Sections 201 and 202 by failing to pay Plaintiff and the State Class all wages due on the date of the employee's

involuntary termination or within 72 hours of receipt of notice of employee's voluntary termination.

b.     Violated Labor Code Section 204 by failing pay all wages due to Plaintiff and the State Class on a weekly basis, in compliance with those provisions.

c.     Violated Labor Code Section 226 by failing to provide accurate itemized wage statements to Plaintiff and the State Class.

d.     Violated Labor Code Section 226.7 and provisions of Wage Order 4-2001 by failing to provide mandatory meal periods and rest periods.

e.     Violated Labor Code Section 1182, et sq. and Section 1198 and provisions of Wage Order 4-2001 by failing to pay Plaintiffs and the State Class all wages due for all hours worked, and by failing to keep accurate information with respect to hours worked, including the actual beginning and ending of each work period and meal period.

f.     Violated Labor Code Section 510 by failing to pay Plaintiffs and the State Class for work over eight (8) hours in a workday and forty (40) hours in a workweek.

g.     Violated Labor Code Section 1174 by failing to maintain accurate itemized wage statements to Plaintiffs and the State Class.

h.    Violated Labor Code Sections 1194 and 1197 by failing to pay minimum wage to Plaintiffs and the State Class.

i.    On August 23, 2016, Plaintiff McLemore sent notice to Defendant and the Labor and Workforce Development Agency ("LWDA"), notifying them of the specific violations and the facts and theories supporting those violations. More than 60 days have passed since the date the notice was mailed to the Defendants and LWDA. A true and correct copy of Plaintiff's written notice to Nautilus Hyosung America, Inc. and the LWDA is attached hereto as Exhibit B.

Pursuant to Labor Code Section 2699(a), Plaintiff and the State Class seek to recover civil penalties, as otherwise provided by statute, for which Defendant is liable as a result of their violations of the following Labor Code sections in an amount to be proven at trial, for violations of Labor Code Sections 201, 202, 203 and 204, penalties pursuant to Labor Code Section 210; for violations Labor Code Section 226 and provisions of the applicable Industrial Wage Order, penalties pursuant to Labor Code Section 226.3; for violations Labor Code Sections 226.7, 558, and provisions of the applicable Wage Order, penalties pursuant to Labor Code Section 558, including an amount sufficient to recover underpaid wages due Plaintiffs and Plaintiffs Class; for violations Labor Code Sections 1182, 1182.12,

and 1198 and provisions of the applicable Wage Order, penalties pursuant to Labor Code Section 1197.1; all in amounts to be proven at trial.

## PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, prays for relief and judgment against Defendants as follows:

1. Certification of this action as a class action on behalf of each of the classes alleged in this complaint;

2. For general damages, according to proof, on each cause of action for which such damages are available;

3. For compensatory damages, according to proof, on each cause of action for which such damages are available;

4. For punitive damages, according to proof, on each cause of action for which such damages are available;

5. For restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;

6. For declaratory and injunctive relief as requested herein;

7. For prejudgment and post-judgment interest according to law;

8. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

CLASS ACTION COMPLAINT

9. For costs of suit incurred in this action;

10. Disgorgement of all gains unjustly acquired by Defendant; and

11. For such other and further relief as the Court deems proper and just.


Dated:  March 10, 2017                    Respectfully submitted,
                                          SROURIAN LAW FIRM
                                          SHAKOURI LAW FIRM




                                          By:   /s/ Daniel Srourian
                                          Daniel Srourian, Esq.
                                          Ashkan Shakouri, Esq.
                                          Attorneys for Plaintiffs


## DEMAND FOR JURY TRIAL


Plaintiffs demand a jury trial on issues triable to a jury.


Dated:  March 10, 2017                    Respectfully submitted,
                                          SROURIAN LAW FIRM
                                          SHAKOURI LAW FIRM




                                          By:   /s/ Daniel Srourian
                                          Daniel Srourian, Esq.
                                          Ashkan Shakouri, Esq.
                                          Attorneys for Plaintiffs