UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK MCLEMORE, an individual; RAFAY MAZHAR, an individual, on behalf of themselves and other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>NAUTILUS HYOSUNG AMERICA, INC., a Texas corporation; and DOES 1 - 20, inclusive,<br><br>Defendants. | Case No: 2:17-cv-02298-CBM (ROAx)<br><br>**CLASS ACTION**<br><br>**ORDER RE: PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, ATTORNEY COSTS, SERVICE AWARDS, AND SETTLEMENT ADMINISTRATION COSTS**<br><br>JS-6 |

Plaintiffs Kirk McLemore and Rafay Mazhar's ("Plaintiffs'") Unopposed Motion for Final Approval of Class and Collective Action Settlement (Dkt. No. 65) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Attorney Costs, Service Awards, and Settlement Administration Costs (Dkt. No. 64) in the above-captioned action came on for hearing on August 5, 2020. The parties appeared telephonically for the hearing. Notice was sent to class members, including information regarding

how to participate telephonically in the hearing, but no class members appeared at the hearing.

The Court has considered the class and collective action settlement reached between Plaintiffs and Defendant Nautilus Hyosung America, Inc. (the "Settlement") whose terms are memorialized in the Stipulation of Class and Collective Settlement (the "Settlement Agreement") and its accompanying exhibits, the submissions of Class Counsel, and all other papers filed in the above-captioned action (the "Litigation"). The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All capitalized terms contained herein shall have the same meaning as those set forth in the Settlement Agreement to the extent those terms are defined.

2. Plaintiffs, on behalf of themselves and those similarly situated, and Defendant, through their respective counsel of record and pursuant to the terms of the Settlement Agreement, have reached an agreement to resolve the Litigation and to release the Released Parties from the applicable Released Claims, as fully specified in the Settlement Agreement.

3. The Court finds that the Settlement Agreement falls within the range of reasonableness and is fair to absent class members. As such, the Court approves the Settlement, the release and other terms set forth in the Settlement as fair, reasonable, and adequate as to the Participating Settlement Class Members, Plaintiffs, and Defendant.

4. For settlement purpose, the Court finds that the proposed class action meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for settlement purposes, the Court hereby certifies the class action consisting of the following:

> All individuals who are or were employed by Nautilus Hyosung America, Inc. and worked as non-exempt Field Service

Engineers /Field Service Technicians (or under a similar title) in California at any time from March 23, 2013 through February 28, 2019 ("California Settlement Class"). Additionally, a subset of "California Settlement Class Members" shall include "California Aggrieved Employees," who are defined as California Settlement Class Members who worked for Defendant from March 23, 2016 through February 28, 2019.

5. For settlement purposes, pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act, the Court also hereby certifies the collective action consisting of the following:

All individuals who are or were employed by Nautilus Hyosung America, Inc. and worked as non-exempt Field Service Engineers/ Field Service Technicians (or under a similar title) outside of California at any time from March 23, 2014 through February 28, 2019 ("Federal Settlement Class").

6. Plaintiffs are hereby appointed as class representatives for purposes of settlement.

7. Daniel Srourian of the Srourian Law Firm, P.C. and Ashkan Shakouri of Shakouri Law Firm are appointed as Class Counsel for purposes of settlement.

8. The Court hereby finds that the Settlement was the product of serious, informed, non-collusive negotiations conducted at arm's length by the parties. In making this final finding, the Court considered the nature of the claims set forth in the pleadings, the amounts and kinds of benefits which shall be paid pursuant to the Settlement Agreement, the allocation of Settlement proceeds among the Settlement Class Members, and the fact that the Settlement Agreement represents a compromise of the parties' respective positions. Accordingly, the Court finds that the Settlement Agreement was reached in good faith.

9. The Court further finds that the notice procedure carried out by the parties and ILYM Group, Inc. (the "Settlement Administrator") met the requirements of due process, provided the best notice practicable under the circumstances, and constituted due and sufficient notice to Settlement Class Members. A full opportunity was also afforded to Settlement Class Members to participate in the Final Approval hearing. No Settlement Class Member objected to the Settlement.

10. The Court determines that all Participating California Settlement Class Members and all Participating Federal Settlement Class Members (as defined in the Settlement Agreement) are bound by this Order and Judgment.

11. By this Order and Judgment, Plaintiffs and Participating Settlement Class Members hereby release Defendant and the Released Parties from the Released Claims, as set forth in the Settlement Agreement.

12. The Court determines that the plan of allocation for payment of the Claimed Net Settlement Fund is fair and reasonable and orders that its distribution to the Participating Settlement Class Members be done in accordance with the terms set forth in the Settlement Agreement. Accordingly, within 15 days of this Order and Judgment, Defendant shall pay the Claimed Net Settlement Fund in the amount of $1,143,608.91 from the Gross Settlement Amount to the Settlement Administrator for distribution to the Participating Settlement Members pursuant to the methods set forth in the Settlement Agreement.

13. Pursuant to the Settlement Agreement, within 15 days of this Order and Judgment, Defendant shall also transfer to the Settlement Administrator: (i) the Settlement Administrator for its Settlement Administration Costs; (ii) the LWDA Payment to the California Labor Workforce Development Agency ("LWDA"); (iii) Service Awards to Plaintiffs; (iv) the Attorney Fees to Class Counsel; and (v) the Attorney Costs to Class Counsel, for distribution as follows:

A. The Court hereby approves the payment of Settlement Administration Costs in the amount of $25,000.00 to the Settlement Administrator from the Gross Settlement Amount.

B. The Court hereby approves the payment of $7,500.00 from the Gross Settlement Amount to the LWDA.

C. The Court hereby approves the Service Awards of $10,000.00 to each Plaintiff from the Gross Settlement Amount, in recognition of their services in initiating and maintaining this litigation and the risks undertaken for the benefit of the Settlement Class Members.

D. The Court hereby awards to Class Counsel the amount of $954,893.62 for Attorney Fees from the Gross Settlement Amount, which the Court finds fair and reasonable and supported by detailed summaries regarding the work performed that was submitted by Class Counsel in their supporting declarations.

E. The Court awards to Class Counsel the amount of $19,461.45 in Attorney Costs from the Gross Settlement Amount for reimbursement of reasonable litigation costs incurred by them in this action and supported by detailed summaries regarding such incurred expenses that was also in their supporting declarations.[1]

14. The Settlement Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement and Class Counsel's further instructions.

15. The parties are directed to perform in accordance with the terms set forth in the Settlement.

---

[1] The Court does not award Class Counsel $250 for "anticipated" closing costs because there was no evidence submitted demonstrating these "anticipated" costs were actually incurred.

1   16. Under applicable laws and pursuant to the Settlement Agreement, the Court reserves and retains exclusive and continuing jurisdiction over this case, Plaintiffs, Participating Settlement Class Members, and Defendant for the purpose of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement and this Order.

17. This document constitutes the Judgment resolving the portion of the action against Defendant according to the terms herein.

**IT IS SO ORDERED.**

DATED: August 5, 2020

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT COURT JUDGE

CC:FISCAL